## Jonathan Burleson v. Goodman & Stroud.

1—Private entries in book accounts, made by a party in the regular routine of his business, are legal evidence in his favor, if on inspection of the books by the court they appear to have been honestly kept, and the entries to be without erasures or interlineations, and to have been regularly made. But the suppletory oath of the party, and proof *aliunde* that he was in the habit of keeping correct and just accounts, are prerequisites to the admission of such evidence.

2—There is no doubt that a stranger to a record may use it as evidence to prove the admission by his adversary of a controverted fact, if his adversary was a party to the record.

Appeal from Caldwell. Tried below before the Hon. J. J. Thornton.

The appellant was defendant in the court below to a suit brought by the appellees on an open account. By an amended petition it was alleged that Goodman was the sole owner of the accounts sued on. There was judgment below against appellant for $76 25.

*L. J. Storey*, for the appellant.

No brief for the appellees.

Lindsay, J.—We can find no valid reason for interfering with the verdict of the jury and the judgment of the court in this case. There seems to be three grounds chiefly relied upon by the counsel for the appellant in the assignment of errors for the reversal of the judgment:

1. That the court erred in admitting as testimony the book account of the plaintiff, a blacksmith, who, without a clerk, made his own entries in the regular routine of his business.

2. That the record of a suit between the plaintiff and his former partner, in the name of which firm a part of the account sued on in this case was rendered, was improperly excluded when offered as testimony by the defendant.

3. Refusal by the court of instructions asked by the defendant's attorney.

Such private entries of a party himself, made in the regular routine of his business, are considered, especially in modern times, as legal testimony, however weak it may be regarded, if upon inspection of the books by the court trying a cause they appear to have been honestly kept, and the entries, without erasures or interlineations, regularly and chronologically made. The rule requires, in addition, the suppletory oath of the party, and that it must be proved *aliunde*, that he was in the habit of keeping correct and just accounts. All this was done according to the record.

Of these attributes and pre-requisites of the book accounts of parties, the judge who tries the cause and has the opportunity to inspect them, is better qualified to form an opinion than this court, unless the books themselves are brought under review here. When they are admitted before the jury, as testimony, the jury alone are to be the judges of the weight to be given to them.

The defendant in this case was a stranger to the record, which he proposed to introduce to establish a particular fact in the cause. There is no doubt a stranger to a record may introduce it as evidence against his adversary, as containing a solemn admission of a certain fact. The purpose in this case was to show that the firm, in whose favor the account sued upon was created, had been dissolved before the institution of the suit. That fact had already been proved upon the trial; at least the conduct of the trial was upon that predicate, because the plaintiff averred in his amended petition his sole ownership of the account, and actually proved upon the trial that the accounts had been divided between the partners. In effect, that admission was in the pleadings.

The instructions asked and refused were substantially embraced in the charge given. The party was not prejudiced, therefore, by the refusal to grant them. The judgment is affirmed.

Affirmed.